RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

No.
Date 06/12/2006

Seller: [illegible] "We" and "Us" mean the Seller above, its [illegible]

Buyer: [illegible] APT 212 [illegible] "You" [illegible] Buyer above, and [illegible]

SALE: [illegible]

| Description of Motor Vehicle Purchased | Year 2003 | VIN KMHCG45C23U478304 | Other: |
|---|---|---|---|
| | Make HYUNDAI | Lic. No./Year | |
| | Model ACCENT | ☐ New ☒ Used | |

Description of Trade-In:

SECURITY: [illegible]

PROMISE TO PAY AND PAYMENT TERMS: You promise to pay us the principal amount of $ 7084.00, plus finance charges accruing on the unpaid balance at the rate of 15.00 % per year from today's date until paid in full. Finance charges accrue on a 365 day basis. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

☐ ADDITIONAL FINANCE CHARGE: You agree to pay an additional, nonrefundable finance charge of $ N/A that will be ☐ paid in cash. ☐ added to the Cash Price. ☐ paid proportionally with each payment.

☐ MINIMUM FINANCE CHARGE: You agree to pay a minimum finance charge of $ N/A if you pay this Contract in full before we have earned that much in finance charges.

☐ CHECK COLLECTION CHARGE: You agree to pay a fee of $ N/A for each check, negotiable order of withdrawal, share draft, or other negotiable instrument you issue in connection with this Contract that is returned because it has been dishonored.

DOWN PAYMENT: You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ N/A |
|---|---|---|---|---|
| 15.00 % | $ 3445.00 | $ 7084.00 | $ 10500.00 | $ [illegible] |

Payment Schedule: Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 175.00 | MONTHLY BEGINNING 07/27/2006 |

Security: You are giving a security interest in the Motor Vehicle purchased.

Late Charge: If a payment is more than 10 days late, you will be charged a late fee of 5% of the payment due.

Prepayment: If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.
☐ If you pay off this Contract early, you will not be entitled to a refund of part of the Additional Finance Charge.

Contract Provisions: You can see the terms of this Contract for any additional information about non-payment, default, any required repayment before the scheduled date, and prepayment refunds and penalties. Filing Fees: $ N/A

CREDIT INSURANCE: Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). If Group Policy is checked, the insurance is under a Group Policy. We are quoting below ONLY the coverages you have chosen to purchase.

Credit Life: Insured ____
☐ Single ☐ Joint ☐ Group Prem $ N/A Term ____

Credit Disability: Insured ____
☐ Single ☐ Joint ☐ Group Prem $ N/A Term ____

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

Sign. ____ Date ____ Sign. ____ Date ____

PROPERTY INSURANCE: You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company authorized to do business in New Hampshire. The collision coverage deductible may not exceed $ N/A. If you get insurance from or through us you will pay $ N/A for N/A of coverage.

This premium is calculated as follows:

☐ $ N/A Deductible, Collision Coverage $ N/A
☐ $ N/A Deductible, Comprehensive Cov. $ N/A
☐ Fire-Theft and Combined Additional Coverage $ N/A
☐ ____ $ ____

Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.

☐ SINGLE-INTEREST INSURANCE: You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for N/A of coverage.

☒ SERVICE CONTRACT: With your purchase of the Vehicle, you agree to purchase a Service Contract to cover [illegible] HYUNDAI ACCENT. This Service Contract will be in effect for [illegible] MILES

ASSIGNMENT: This Contract and Security Agreement is assigned to WELLS FARGO FINANCIAL ACCEPTANCE the Assignee, phone [illegible]-5177. This assignment is made ☐ under the terms of a separate agreement. ☐ under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse.

Seller By [signature] Date 06/12/2006

ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| Vehicle Price (incl. sales tax of $ N/A) | | $ [illegible] |
| Service Contract, Paid to: [illegible] | | $ [illegible] |
| Cash Price | | $ [illegible] |
| Manufacturer's Rebate | $ N/A | |
| Cash Down Payment | $ N/A | |
| Deferred Down Payment | $ N/A | |
| a. Total Cash/Rebate Down | | $ N/A |
| b. Trade-In Allowance | $ N/A | |
| c. Less: Amount owing Paid to: | $ N/A | |
| d. Net Trade-In (b. minus c.) | | $ N/A |
| e. Net Cash/Trade-In (a. plus d.) | | $ N/A |
| Down Payment (e.; disclose as $0 if negative) | | $ N/A |
| Unpaid Balance of Cash Price | | $ 7084.[illegible] |
| Paid to Public Officials - Filing Fees | | $ N/A |
| Insurance Premiums* | | $ N/A |
| Amount to Finance line e. (if e. is negative) | | $ N/A |
| Additional Finance Charge(s), Paid to Seller | | $ N/A |
| To: N/A | | $ N/A |
| To: N/A | | $ N/A |
| To: N/A | | $ N/A |
| To: | | $ N/A |
| Total Other Charges/Amounts Pd. to Others | | $ N/A |
| Less: Prepaid Finance Charges | | $ N/A |
| Amount Financed | | $ 7084.[illegible] |

*We may retain or receive a portion of this amount.

NOTICE TO BUYER

(1) Read this Contract before signing. (2) You are entitled to an exact copy of the Contract you sign. (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the finance charge.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.

Buyer: [signature] 06/12/2006 Date

Signature: [signature] 06/12/2006 Date

Seller By HYUNDAI OF KEENE [signature]

William F [illegible]

NEW HAMPSHIRE RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT Page 1 of 2

**ADDITIONAL TERMS OF THE CONTRACT AND SECURITY AGREEMENT**

[illegible]

F. You will pay all taxes and assessments on the Property as they become due.

G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You agree that the following are additional terms and conditions of this Contract and that if one or more of the following occur you will be in default:

A. You fail to make a payment under this Contract within 10 days after the payment is due.

B. You fail to keep the Property insured against loss, if required, [illegible] as required by N.H. Rev. Stat. Ann. [illegible]

C. You remove the Property from the United States or Canada without permission from us.

D. You sell, rent, lease or otherwise transfer an interest in the Property without permission from us.

E. A bankruptcy proceeding is commenced by or against you.

F. You otherwise significantly impair the realization of the Property, [illegible] of the Property by law enforcement [illegible] of the Property, abandonment of the Property, or loss, theft, or destruction of the Property that is not covered by insurance.

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs, reasonable attorneys' fees if we refer this Contract for collection to an attorney who is not a salaried employee of ours, and fees for repossession, repair, storage and sale of the Property securing this Contract. If you successfully assert a partial defense or [illegible] to an action we bring, the court may reduce the amount of attorneys' fees that we may recover from you. If you prevail in an action or defense against us, you may recover the amount of your reasonable attorneys' fees.

If any of you are in default on this or any agreement securing this Contract, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract:

A. We may require you to pay all before the scheduled due date, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other [illegible] charges.

B. We may pay taxes, assessments, or other liens on the Property if you have not done so. We [illegible] will be due immediately. This amount [illegible] from the date paid at the rate [illegible] AND PAYMENT TERMS section [illegible].

C. We may require you to make the Property available to us at a place we designate that is reasonably [illegible].

D. We may take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive to [illegible] reasonable expenses and then [illegible].

E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. You [illegible] proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company authorized to do business in New Hampshire. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than [illegible] you purchased the property insurance [illegible] will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

A. You must pay this Contract even if someone else has also signed it.

B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.

C. We may release any security and you will still be obligated to pay this Contract.

D. If we give up any of our rights, it will not affect your duty to pay this Contract.

E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**THIRD PARTY AGREEMENT**

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

Signature Date

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

**ASSIGNMENT BY SELLER**

Seller sells and assigns this Retail Installment Contract and Security Agreement (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this Assignment are described in a separate [illegible] and not as provided below.)

Seller warrants:

A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.

B. The statements contained in this Contract are true and correct.

C. The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any [illegible], no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.

D. This sale was completed in accordance with all applicable federal and state laws and regulations.

E. This Contract is valid and enforceable in accordance with its terms.

F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.

G. This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.

H. A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.

I. The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.

J. Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorney's fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off, or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE.

WITH RECOURSE: If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

[illegible]