UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

                                        BANKRUPTCY NO. 08-02603-MDF

WARREN A. ROYEA, SR. and
GAIL M. ROYEA AKA GAIL M. MORITZ,


                  Debtors                       CHAPTER NO. 13

AMERICREDIT FINANCIAL SERVICES,
INC., AS SUCCESSOR IN INTEREST TO
LONG BEACH ACCEPTANCE
CORPORATION,

                  Movant
         v.

WARREN A. ROYEA, SR. and
GAIL M. ROYEA AKA GAIL M. MORITZ,


                  Respondents


**MOTION OF  AMERICREDIT FINANCIAL SERVICES, INC., AS SUCCESSOR IN INTEREST TO LONG BEACH ACCEPTANCE CORPORATION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(d)(1)**

      AmeriCredit Financial Services, Inc., as successor in interest to Long Beach Acceptance

Corporation, a secured creditor in the above-captioned bankruptcy case, by its counsel, DEILY,

MOONEY & GLASTETTER, LLP, as and for a Motion for Relief from Automatic Stay pursuant to 11

U.S.C. Section 362(d)(1), or, in the alternative, for adequate protection, states the following as grounds

therefor:

      1.       On July 24, 2008, the debtors, above-named, filed a voluntary petition in Bankruptcy

under Title 11, Chapter 7, U.S.C., in the United States Bankruptcy Court, for the Middle District of

Pennsylvania.  Thereafter, on September 12, 2008, said case converted to one under Chapter 13.

      2.       The Court has jurisdiction to entertain this motion under 28 U.S.C. Section 157.

      3.       AmeriCredit Financial Services, Inc., as successor in interest to Long Beach Acceptance

Corporation (hereinafter "AmeriCredit Financial Services, Inc.") is a secured creditor herein and the

holder of a duly perfected purchase money security interest in one (1) 2007 Hyundai Tucson (V.I.N. KM8JN72D67U572686) (hereinafter "collateral") owned by, and upon information and belief, in the possession and control of the debtors, above-named.

4.      Pursuant to 11 U.S.C. Section 362(d)(1) upon the commencement of the instant bankruptcy case, AmeriCredit Financial Services, Inc. is stayed from taking any action against the debtors to obtain possession of the collateral.

5.      On December 7, 2007, the debtors entered into a Retail Installment Contract (hereinafter "Contract") with Jack Giambalvo Motor Company, Inc. (hereinafter "dealer") for the purchase of the collateral.  Pursuant to the terms and conditions of the Contract, the dealer was granted a purchase money security interest in the collateral.  Thereafter, the Contract, pursuant to its terms, was duly assigned by the dealer to AmeriCredit Financial Services, Inc. for good and valuable consideration. AmeriCredit Financial Services, Inc. is now the holder and owner of said Contract.  A copy of the Contract and evidence of the recorded lien are collectively annexed hereto and referred to as Exhibit "A" and made a part hereof.

6.      As of October 22, 2008, the debtors were in default of their payment obligations to AmeriCredit Financial Services, Inc. pursuant to the terms and conditions of the Contract as follows:

      a.      Net balance due:      $25,749.87

      b.      Post-petition arrears: $500.89 due for August, 2008 through October, 2008, together with applicable late charges.

(**NOTE:**  The foregoing does not represent any amount which may be due for costs and attorneys' fees as may be allowed by the Court.)

7.      AmeriCredit Financial Services, Inc. has ascertained that the wholesale value of its security is THIRTEEN THOUSAND THREE HUNDRED AND 00/100 ($13,300.00) DOLLARS based on NADA Used Car Guide's estimated value of the collateral in average condition.  Upon information and belief, there does not exist any other encumbrance affecting the collateral.  There is no other collateral securing the indebtedness.

8.     The debtors have failed to redeem the collateral pursuant to 11 U.S.C. Section 522 and have not reaffirmed their underlying obligation to AmeriCredit Financial Services, Inc. pursuant to 11 U.S.C. Section 524.

9.     Upon information and belief, the debtors continue to enjoy the use and possession of the collateral.

10.     It is respectfully asserted that AmeriCredit Financial Services, Inc.'s interest in the collateral will not be adequately protected if the automatic stay is allowed to remain in effect.

11.     Accordingly, sufficient cause exists to grant AmeriCredit Financial Services, Inc. relief from the automatic stay herein which includes, but is not limited to, the following:

a.     The debtors are in default under the terms and conditions of the Retail Installment Contract.

b.     The security interest of AmeriCredit Financial Services, Inc. with respect to the collateral is not adequately protected as envisioned under 11 U.S.C. Section 361.

c.     The debtors do not possess an equity interest in the collateral.

d.     The collateral is not necessary for an effective reorganization of a bankruptcy estate.

12.     It is respectfully submitted that AmeriCredit Financial Services, Inc. is in a more advantageous position to obtain an optimum price for the sale of the collateral thereby increasing the possibility of generating a surplus for distribution to creditors of the estate.

13.     Alternatively, in the event relief from automatic stay is not granted, then AmeriCredit Financial Services, Inc. respectfully requests that the Court compel the debtors to provide adequate protection to AmeriCredit Financial Services, Inc. by (a) curing any default of payment obligations arising pursuant to the terms and conditions of the Contract; (b) continuing to make payment in timely fashion thereunder, (c) maintaining adequate and continuous insurance coverage on the collateral, and (d) providing such other adequate protection as the Court may deem proper.

14.     In the event this request for adequate protection is granted, then AmeriCredit Financial

Services, Inc. respectfully requests that it be entitled to the immediate possession of the collateral

without further Court proceedings in the event of default by the debtors under any provisions for

adequate protection which may be awarded herein.

15.     No prior application for the relief requested herein has been made.

WHEREFORE, AmeriCredit Financial Services, Inc., as successor in interest to Long Beach

Acceptance Corporation respectfully requests that the Court issue an Order, pursuant to 11 U.S.C.

Section 362(d)(1)  (a) granting AmeriCredit Financial Services, Inc. relief from automatic stay in order

to obtain possession and dispose of its collateral, or, in the alternative, (b) directing the debtors to

provide for the adequate protection of the security interest of AmeriCredit Financial Services, Inc. in the

collateral as hereinabove requested, and for such other and further relief as to the Court may seem just

and proper.

DATED:     November 3, 2008
            Marlton, New Jersey

                      AMERICREDIT FINANCIAL SERVICES, INC.,
                      AS SUCCESSOR IN INTEREST TO LONG
                      BEACH ACCEPTANCE CORPORATION
                      By Its Counsel


                      /s/ Brian E. Caine_____
                      Brian E. Caine, Esq.
                      Attorney ID # 86057
                      DEILY, MOONEY & GLASTETTER, LLP
                      One Greentree Centre, Suite 201
                      Marlton, NJ 08053
                      Tel. (856) 988-5555

                      08.06118